# U. S. FEDERAL COURTS

### Districts, Judges, Officers, Proceedings and Opinions

---

### U. S. COURT O FAPPEALS
### No. 449
### EMMICH v. UNITED STATES

U. S. Court of Appeals, 6th Circuit
No. 3933. Decided April 15, 1924

653. INTERNAL REVENUE—(1) Indictment held sufficient to charge defendant with being one of the persons subject to tax.

2. Evidenct of failure to file return admissible in prosecution for making false income tax return for subsequent year.—Amended return admissible.

SIMONS, J.                    Epitomized Opinion

Emmich was convicted under indictment charging him with making a false income tax return for the year 1921. He claims error on the grounds that the indictment on which he was convicted was indefinite and uncertain as it did not state whether he was charged as an individual and that he was subject to the tax. It is also claimed that the trial court erred in admitting evidence of his failure to file a tax return for 1920, an amended return for 1921 and certain entries in the defendant's bank book. In affirming the judgment the court held:

1. The indictment was sufficient as where there are excepted classes it is enough to charge facts sufficient to show that the accused is not within the exception.

2. In the trial for one offense, evidence of the other and distinct offense is inadmissible, except that if intent or motive be one of the elements of the crime charged evidence of other like conduct by the defendant at or near the time charged is admissible.

3. The trial court did not commit error in admitting evidence of previous returns and bank accounts.

Attorneys—Charles F. Dolle, Cincinnati, for Emmich; Harry A. Abrams, Cincinnati, and Benson W. Hough, Columbus, for U. S.

---

### No. 450
### SILVER CO v. FED. TRADE COM.

U. S. Court of Appeals, 6th Circuit
No. 3648. Oct. 16, 1923

881. JURISDICTION—On petition to vacate orders of Federal Trade Commission, that of the federal courts is original, not appellate.

639. INJUNCTION—In affirming orders of Federal Trade Commission, U. S. courts will not grant, unless respondent is threatening further unlawful acts.

PER CURIAM.
#### Epitomized Opinion

The Federal Trade Commission made an order on respondent, the L. B. Silver Co., which brought a petition in this court to set aside the order which concerned trade marks and unfair competition. This court diected a modificaton of the order in certain respects and sent a mandate thereof to the Commission. The Commission now files a motion to have the mandate recalled and asks that this court enter a decree enjoining the Silver Co. from those practices as to which the order of the Commission was affirmed, for the reason that there must be an order of court before there can be any enforcement of the Commission's order through punishment for violation. Held:

The jurisdiction of this court in this case is original and not appellate. Hence the decree should be similar to those of the courts of equity in suits for injunction. In such case if the defendant is continuing or threatening unlawful acts, there will be an injunction, but if the unlawful acts have ceased and there is no reason to apprehend their renewal, the bill will be dismissed without prejudice. In this case, there was no threat of unlawful acts after notice of the Commission's order to desist. The situation does not call for an injunction. Motion denied.